# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-3058

JOHN M. KERR,
Appellant

v.

KATHRYN PEIFER MORGAN, ESQ.; BARBARA E. GRIFFIN, ESQ.;
GEORGE P. HARTWICK, III; WILLIAM J. JOYCE; BRUCE S. ZERO, et al.

_____

Appeal from the U.S. District Court, M.D. Pa.
Judge Jennifer P. Wilson, No. 1:23-cv-01926

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 26, 2026; Decided Jan. 26, 2026

_____

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. Despite second chances, wayward lawyers sometimes return to their old ways. John Kerr, a Pennsylvania lawyer, was convicted of more than a hundred crimes, including selling jobs and bribery, as a high official in the Pennsylvania Auditor General's office. *See In the Matter of John M. Kerr*, No. 44 DB 1985-R, at 1–2 (Pa. June 18, 2007) [https://perma.cc/XLZ6-743J]. He served seventeen months in prison and was disbarred in 1988. In 2007, the Pennsylvania Supreme Court reinstated his law license because he had expressed remorse and taken responsibility, and because he was seen as a person of "integrity and honesty." *Id.* at 16.

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

That court spoke too soon. In 2018, Kerr got into trouble again—this time, for siphoning money from his client trust account for personal use. R&R of Hearing Comm., *Off. of Disciplinary Couns. v. John M. Kerr*, No. 106 DB 2019, at 2, 9 (June 30, 2025) [https://perma.cc/8MXF-E68S]. In 2019, the Pennsylvania bar suspended him. And in 2025, the bar's disciplinary hearing committee recommended permanently disbarring him given his history of "egregious professional misconduct." *Id.* at 38. That recommendation is pending before the Pennsylvania Supreme Court.

After Kerr was suspended, the Pennsylvania Lawyers' Fund for Client Security reimbursed several of his former clients almost $35,000 for money that he had siphoned off. When the Fund told Kerr that it would seek to recover that money from him, he preemptively sued its board members and officers under 42 U.S.C. § 1983, attacking the Fund's procedures for paying out claims as violating due process. The District Court dismissed for failure to state a claim. We review de novo. *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018).

To start, Kerr's appeal narrowly avoids a threshold jurisdictional problem. He filed his notice of appeal thirty-five days after the District Court's dismissal, beyond the thirty days normally allowed "after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Ordinarily, that would deprive us of jurisdiction. But the District Court neglected to set out its judgment "in a separate document," as required by Rule 58(a). Instead, the court filed only a six-page "order" that included pages of analysis embracing the magistrate judge's recommended reasoning and rejecting Kerr's objections. That "order" was not a separate judgment. *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 241, 244 (3d Cir. 2006),

2

*as amended* (Aug. 30, 2006). So judgment was not entered until 150 days after the District Court filed its order, making Kerr's appeal timely and giving us jurisdiction. *See* Fed. R. Civ. P. 58(c)(2)(B); *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 387–88 (1978) (per curiam). That remains true even though below, Kerr assumed that his appeal came too late. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 226 (3d Cir. 2007) (finding jurisdiction despite appellant's "unknowing forfeiture" of basis for additional time).

On the merits, however, most of Kerr's claims are untimely. Section 1983 borrows Pennsylvania's two-year statute of limitations for torts. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); 42 Pa. Cons. Stat. § 5524. As Kerr concedes, he got notice of all but one of the challenged reimbursements more than two years before filing his complaint in late 2023. His claims are timely only as to one $4,000 payment to a former client named Steven Ruby, of which he got notice in early 2023. Contrary to what Kerr claims, the Fund preserved this timeliness defense below by raising it in its brief supporting dismissal. And there is no reason to equitably toll the limitations period as Kerr asks us to do; he alleges no circum-stances beyond his control that prevented him from challenging the earlier reimbursements promptly. *See Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 995–96 (Pa. 2020).

What is more, Kerr does not state a violation of procedural due process. The Fund gave him all the process that he was due. To decide what was due, we balance Kerr's private interests, the risk of erroneously depriving him of those interests, the value of adding more or different safeguards, and the government's interests. *Mathews v. Eldredge*, 424 U.S. 319, 335 (1976). Even if Kerr's interests are significant, the risks posed by the Fund's procedures are low. As Kerr concedes, the Fund notified him of its reimbursements,

allowed him to contest them, and let him move to reconsider any adverse decision. *See* Appellant's Br. 17–18; Pa. R. Disciplinary Enf't 521(b), (e) [https://perma.cc/4989-2SWW]. That scheme satisfied due process's core requisites of advance notice and a meaningful opportunity to be heard. *See Mullane v. Cent. Hanover Tr. Co.*, 339 U.S. 306, 313 (1950). Because Fund proceedings are nonadversarial, extra safeguards would add little value and could well undermine the Fund's operating structure. *See* Pa. Laws. Fund for Client Sec. Bd. R. Proc. 3.4(a) [https://perma.cc/RE7R-8FXP]. Finally, the government has an obvious interest in protecting the public from dishonest lawyers who steal their clients' money. So the Fund's procedures were adequate.

Kerr imagines constitutional violations to avoid taking responsibility for his repeated misconduct. Because his challenges are belated and meritless, we will AFFIRM the District Court's dismissal with prejudice.